1  SEAN P. NALTY (State Bar No. 121253)
   CHARAN M. HIGBEE (State Bar No. 148293)
2  **WILSON, ELSER, MOSKOWITZ,**
     **EDELMAN & DICKER LLP**
3  525 Market Street, 17th Floor
   San Francisco, California 94105
4  Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370
5
   Attorneys for Defendant
6  LIFE INSURANCE COMPANY
   OF NORTH AMERICA
7

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12 LINDA GIFFORD,                    ) Case No.:    CV08-03656 MMC
                                     )
13        Plaintiff,                 ) **DEFENDANT LIFE INSURANCE**
                                     ) **COMPANY OF NORTH AMERICA'S**
14    vs.                            ) **ANSWER TO PLAINTIFF'S COMPLAINT**
                                     )
15 LIFE INSURANCE COMPANY OF NORTH   )
   AMERICA; and DOES 1 through 10, inclusive, )
16                                   )
          Defendants.               ) Action Filed: June 25, 2008
17 _____ )

18        Defendant Life Insurance Company of North America (hereinafter "LINA") answers the

19 Complaint filed by plaintiff Linda Gifford in this action, which was removed from the San

20 Francisco County Superior Court, (hereinafter "the Complaint") as follows:

21                          **PREFACE**

22        Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets

23 forth a claim for relief shall provide a "short and plain statement of the claim showing that the

24 pleader is entitled to relief." Moreover, Rule 8(d)(1) states that "[e]ach allegation must be simple,

25 concise, and direct." The Complaint violates these provisions in as it contains partial quotes,

26 unnecessary advocacy, and footnotes defining and discussing medical terms. In answering the

27

28
                                    1
              **DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
                     **ANSWER TO PLAINTIFF'S COMPLAINT**
   USDC NDCA Case No. CV08-03656 MMC
   368438.1

1   Complaint, LINA only is required to address the averments upon which Plaintiff relies to allegedly

2   state a claim.

3                                          **GENERAL ALLEGATIONS**

4          1.      Answering paragraph 1 of the Complaint, LINA admits that, prior to on or about

5   July 3, 1996, plaintiff was employed as a registered nurse at Mercy Hospital.  LINA admits that

6   the administrative record it maintained, relating to plaintiff's claim for long term disability

7   benefits, contains an "R.N. Job Description" from Mercy Hospital and admits that this document

8   speaks for itself.  Except as expressly admitted or denied, LINA states that it lacks sufficient

9   knowledge or information about the matters alleged in paragraph 1 for an answer to be made and,

10  upon that ground, denies each and every remaining allegation set forth in paragraph 1 of the

11  Complaint.

12         2.      Answering paragraph 2 of the Complaint, LINA admits that, in or about December

13  of 1996, plaintiff submitted a claim for long term disability benefits to LINA seeking disability

14  benefits under a group policy issued by LINA and based on a disability onset date of July 3, 1996.

15  Plaintiff's diagnosis, as set forth on the documents submitted with her disability claim, was

16  psoriatic arthritis.  LINA states that allegations in this paragraph violate the provisions of Federal

17  Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer such

18  allegations.    Except as expressly admitted or denied, LINA states that it lacks sufficient

19  knowledge or information about the matters properly alleged in paragraph 2 for an answer to be

20  made and, upon that ground, denies each and every such remaining allegation set forth in

21  paragraph 2 of the Complaint.

22         3.      Answering paragraph 3 of the Complaint, LINA admits that plaintiff was

23  diagnosed with breast cancer in or about 2000 and admits that plaintiff had bilateral mastectomies.

24  LINA admits that plaintiff has been diagnosed with other medical conditions since 1996,

25  including carpel tunnel syndrome and depression; that these medical diagnoses are contained

26  within plaintiff's medical records which are part of the administrative record maintained by LINA

27  relating to plaintiff's claim for long term disability benefits; and that these medical records in the

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

1  administrative record speak for themselves.  Except as expressly admitted or denied, LINA states

2  that it lacks sufficient knowledge or information about the matters alleged in paragraph 3 for an

3  answer to be made and, upon that ground, denies each and every remaining allegation set forth in

4  paragraph 3 of the Complaint.

5        4.    Answering paragraph 4 of the Complaint, LINA admits that the CIGNA

6  Companies' website, including information on the website relating to fibromyalgia, speaks for

7  itself.  LINA states that allegations in this paragraph violate the provisions of Federal Rule of

8  Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer such allegations.

9  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or

10  information about the matters properly alleged in paragraph 4 for an answer to be made and, upon

11  that ground, denies each and every such remaining allegation set forth in paragraph 4 of the

12  Complaint.

13        5.    Answering paragraph 5 of the Complaint, LINA admits that, after plaintiff

14  submitted her claim, LINA paid plaintiff long term disability benefits, under the subject group

15  long term disability income policy and the subject ERISA plan, for the period on or about

16  December 30, 1996 through on or about October 27, 2006.  LINA admits that, in or about 2006, it

17  determined that plaintiff was not entitled to disability benefits, under the subject group long term

18  disability income policy and the subject ERISA plan, after on or about October 27, 2006.  LINA

19  admits that it knew, in or about 2006, that plaintiff had been diagnosed with psoriatic arthritis and

20  fibromyalgia.  LINA denies that it unreasonably denied plaintiff disability benefits after on or

21  about October 27, 2006.  Except as expressly admitted or denied, LINA states that it lacks

22  sufficient knowledge or information about the matters alleged in paragraph 5 for an answer to be

23  made and, upon that ground, denies each and every remaining allegation set forth in paragraph 5

24  of the Complaint.

25        6.    Answering paragraph 6 of the Complaint, LINA admits that it determined that

26  plaintiff was not disabled after on or about October 27, 2006, and under the terms of the subject

27  group long term disability income policy and the subject ERISA plan.  Except as expressly

28  

3

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S
ANSWER TO PLAINTIFF'S COMPLAINT**

1  admitted or denied, LINA denies each and every remaining allegation set forth in paragraph 6 of

2  the Complaint.

3         7.    Answering paragraph 7 of the Complaint, LINA admits that plaintiff alleges that

4  she is, and at all relevant times was, a resident and citizen of the State of California.  Except as

5  expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about

6  the matters alleged in paragraph 7 for an answer to be made and, upon that ground, denies each

7  and every remaining allegation set forth in paragraph 7 of the Complaint.

8         8.    Answering paragraph 8 of the Complaint, LINA admits that it is, and at all times

9  relevant to plaintiff's allegations set forth in the Complaint was, a corporation incorporated under

10  the laws of the Commonwealth of Pennsylvania and is authorized to transact and transacting

11  business as a disability insurance company in the State of California.  Except as expressly

12  admitted or denied, LINA states that it lacks sufficient knowledge or information about the

13  matters alleged in paragraph 8 for an answer to be made and, upon that ground, denies each and

14  every remaining allegation set forth in paragraph 8 of the Complaint.

15         9.    Answering paragraph 9 of the Complaint, LINA lacks sufficient knowledge or

16  information about the matters alleged in paragraph 9 for an answer to be made and, upon that

17  ground, denies each and every allegation set forth in paragraph 9 of the Complaint.

18        10.    Answering paragraph 10 of the Complaint, LINA lacks sufficient knowledge or

19  information about the matters alleged in paragraph 10 for an answer to be made and, upon that

20  ground, denies each and every allegation set forth in paragraph 10 of the Complaint.

21        11.    Answering paragraph 11 of the Complaint, LINA admits that on or about July 3,

22  1996 plaintiff was an eligible employee under Group Long Term Disability Income Policy No.

23  FLK-8249 issued by LINA to Catholic Healthcare West (hereinafter "the Policy").  LINA denies

24  that the Policy is not subject to and/or governed by the provisions of ERISA.  LINA admits that

25  plaintiff purports to attach a copy of the Policy as Exhibit A to the Complaint.  LINA admits that

26  some correspondence sent to plaintiff during the administration of her disability claim has

27  "CIGNA Group Insurance" on the letterhead and that this correspondence speaks for itself.  LINA

28

1    admits that LINA underwrote and issued the Policy. Except as expressly admitted or denied,

2    LINA states that it lacks sufficient knowledge or information about the matters alleged in

3    paragraph 11 for an answer to be made and, upon that ground, denies each and every remaining

4    allegation set forth in paragraph 11 of the Complaint.

5        12.    Answering paragraph 12 of the Complaint, LINA admits that the terms and

6    provisions of the Policy speak for themselves. LINA admits that the December 16, 1996 letter

7    from Mercy Healthcare Sacramento, which is contained within the administrative record

8    maintained by LINA relating to plaintiff's claim for long term disability benefits, speaks for itself.

9    Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or

10   information about the matters alleged in paragraph 12 for an answer to be made and, upon that

11   ground, denies each and every remaining allegation set forth in paragraph 12 of the Complaint.

12       13.    Answering paragraph 13 of the Complaint, LINA admits that, at all times relevant

13   to plaintiff's claims set forth in the Complaint, the premiums due under the Policy were paid.

14   Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or

15   information about the matters alleged in paragraph 13 for an answer to be made and, upon that

16   ground, denies each and every remaining allegation set forth in paragraph 13 of the Complaint.

17       14.    Answering paragraph 14 of the Complaint, LINA admits that the Social Security

18   Administration sent plaintiff a letter dated March 4, 1997 stating that plaintiff was found to have

19   become disabled under the rules of the Social Security Administration on July 3, 1996. LINA

20   admits that this March 4, 1997 letter speaks for itself. Except as expressly admitted or denied,

21   LINA states that it lacks sufficient knowledge or information about the matters alleged in

22   paragraph 14 for an answer to be made and, upon that ground, denies each and every remaining

23   allegation set forth in paragraph 14 of the Complaint.

24       15.    Answering paragraph 15 of the Complaint, LINA admits that, after plaintiff

25   submitted her disability claim, it sent a letter to plaintiff dated April 1, 1997 to advise plaintiff that

26   her disability claim had been approved. LINA admits that this April 1, 1997 letter to plaintiff

27   speaks for itself. Except as expressly admitted or denied, LINA states that it lacks sufficient

28

1  knowledge or information about the matters alleged in paragraph 15 for an answer to be made

2  and, upon that ground, denies each and every remaining allegation set forth in paragraph 15 of the

3  Complaint.

4        16.    Answering paragraph 16 of the Complaint, LINA admits that it paid plaintiff

5  disability benefits between on or about December 30, 1996 and on or about October 27, 2006.

6  LINA admits that plaintiff received various medical treatments between December 30, 1996 and

7  October 27, 2006; that information relating to these treatments is contained in the medical records

8  which are part of the administrative record maintained by LINA relating to plaintiff's claim for

9  long term disability benefits; and that these medical records within the administrative record

10  speak for themselves.  Except as expressly admitted or denied, LINA states that it lacks sufficient

11  knowledge or information about the matters alleged in paragraph 16 for an answer to be made

12  and, upon that ground, denies each and every remaining allegation set forth in paragraph 16 of the

13  Complaint.

14        17.    Answering paragraph 17 of the Complaint, LINA admits that it sent plaintiff a

15  letter, dated October 17, 2006, which stated that LINA was unable to pay benefits beyond October

16  27, 2006 for the reasons set forth in the letter.  LINA admits that the October 17, 2006 letter to

17  plaintiff speaks for itself.  LINA admits that, in determining that plaintiff was not entitled to

18  disability benefits beyond October 27, 2006, LINA relied upon all the information contained

19  within the administrative record maintained by LINA relating to plaintiff's claim for long term

20  disability benefits, including a Functional Capacity Evaluation.  LINA admits that the Functional

21  Capacity Evaluation speaks for itself.  LINA denies that it acted unreasonably.  Except as

22  expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about

23  the matters alleged in paragraph 17 for an answer to be made and, upon that ground, denies each

24  and every remaining allegation set forth in paragraph 17 of the Complaint.

25        18.    Answering paragraph 18 of the Complaint, LINA admits that Dr. Kenneth Epstein

26  wrote a letter dated October 26, 2006 relating to plaintiff and that this letter is contained within

27  the administrative record maintained by LINA relating to plaintiff's claim for long term disability

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03656 MMC
368438.1

1 | benefits. LINA admits that Dr. Epstein's October 26, 2006 letter speaks for itself. Except as

2 | expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about

3 | the matters alleged in paragraph 18 for an answer to be made and, upon that ground, denies each

4 | and every remaining allegation set forth in paragraph 18 of the Complaint.

5 |          19.    Answering paragraph 19 of the Complaint, LINA admits that it received a letter

6 | dated December 7, 2006 on behalf of plaintiff and which requested an appeal of the denial of

7 | further disability benefits to plaintiff. Except as expressly admitted or denied, LINA states that it

8 | lacks sufficient knowledge or information about the matters alleged in paragraph 19 for an answer

9 | to be made and, upon that ground, denies each and every remaining allegation set forth in

10 | paragraph 19 of the Complaint.

11 |          20.    Answering paragraph 20 of the Complaint, LINA admits that plaintiff sent a letter,

12 | dated February 7, 2007, which states that plaintiff is sending a list of current medications. LINA

13 | admits that this February 7, 2007 letter from plaintiff, as well as any enclosures sent with the

14 | letter, speak for themselves. LINA states that allegations in this paragraph violate the provisions

15 | of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer

16 | such allegations. Except as expressly admitted or denied, LINA states that it lacks sufficient

17 | knowledge or information about the matters properly alleged in paragraph 20 for an answer to be

18 | made and, upon that ground, denies each and every such remaining allegation set forth in

19 | paragraph 20 of the Complaint.

20 |          21.    Answering paragraph 21 of the Complaint, LINA admits that the administrative

21 | record, maintained by LINA relating to plaintiff's claim for long term disability benefits, contains

22 | a medical record from Dr. Ken Epstein dated February 27, 2007 and admits that this medical

23 | record speaks for itself. Except as expressly admitted or denied, LINA states that it lacks

24 | sufficient knowledge or information about the matters alleged in paragraph 21 for an answer to be

25 | made and, upon that ground, denies each and every remaining allegation set forth in paragraph 21

26 | of the Complaint.

27 |

28 |

22.     Answering paragraph 22 of the Complaint, LINA admits that Dr. Adenrele Olajide wrote a letter, dated June 25, 2007, to Dr. Hanson regarding plaintiff.  LINA admits that Dr. Olajide's June 25, 2007 letter is contained within the administrative record maintained by LINA relating to plaintiff's claim for long term disability benefits and admits that this letter speaks for itself.  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 22 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 22 of the Complaint.

23.     Answering paragraph 23 of the Complaint, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 23 for an answer to be made and, upon that ground, denies each and every allegation set forth in paragraph 23 of the Complaint.

24.     Answering paragraph 24 of the Complaint, LINA states that allegations in this paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer such allegations.  As to the matters properly alleged in paragraph 24, LINA states that it lacks sufficient knowledge or information about these matters alleged in paragraph 24 for an answer to be made and, upon that ground, denies each and every such allegation set forth in paragraph 24 of the Complaint.

25.     Answering paragraph 25 of the Complaint, LINA states that allegations in this paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer such allegations.  As to the matters properly alleged in paragraph 25, LINA states that it lacks sufficient knowledge or information about these matters alleged in paragraph 25 for an answer to be made and, upon that ground, denies each and every such allegation set forth in paragraph 25 of the Complaint.

26.     Answering paragraph 26 of the Complaint, LINA states that allegations in this paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer such allegations.  As to the matters properly alleged in paragraph 26, LINA states that it lacks sufficient knowledge or information about these matters alleged in

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03656 MMC
368438.1

1  paragraph 26 for an answer to be made and, upon that ground, denies each and every such

2  allegation set forth in paragraph 26 of the Complaint.

3        27.    Answering paragraph 27 of the Complaint, LINA denies that plaintiff is and/or was

4  entitled to disability benefits under the Policy and/or the subject ERISA plan after on or about

5  October 27, 2006.  LINA denies that it unreasonably failed and refused to pay plaintiff disability

6  benefits to which she is and/or was entitled under the Policy and/or the subject ERISA plan.

7  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or

8  information about the matters alleged in paragraph 27 for an answer to be made and, upon that

9  ground, denies each and every remaining allegation set forth in paragraph 27 of the Complaint.

10                        **FIRST CAUSE OF ACTION**
11      **FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

12       28.    Answering paragraph 28 of the Complaint, LINA incorporates by reference its

13  answers to paragraphs 1 through 27 of the Complaint, above, as though fully set forth herein.

14       29.    Answering paragraph 29 of the Complaint, LINA denies each and every allegation

15  set forth in paragraph 29.

16       30.    Answering paragraph 30 of the Complaint, LINA denies each and every allegation

17  set forth in paragraph 30.

18       31.    Answering paragraph 31 of the Complaint, LINA denies each and every allegation

19  set forth in paragraph 30.

20       32.    Answering paragraph 32 of the Complaint, LINA admits, on information and belief,

21  that plaintiff has retained an attorney to represent her in this action.  LINA denies that it is liable to

22  plaintiff for attorneys' fees, witness fees and/or costs of litigation incurred by plaintiff.  Except as

23  expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about

24  the matters alleged in paragraph 32 for an answer to be made and, upon that ground, denies each

25  and every remaining allegation set forth in paragraph 32 of the Complaint.

26       33.    Answering paragraph 33 of the Complaint, LINA denies each and every allegation

27  set forth in paragraph 33.

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03656 MMC
368438.1

1    34.    Answering paragraph 34 of the Complaint, LINA denies each and every allegation
2    set forth in paragraph 34.

3    35.    Answering paragraph 35 of the Complaint, LINA denies each and every allegation
4    set forth in paragraph 35.

5    **SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

6    36.    Answering paragraph 36 of the Complaint, LINA incorporates by reference its
7    answers to paragraphs 1 through 35 of the Complaint, above, as though fully set forth herein.

8    37.    Answering paragraph 37 of the Complaint, LINA admits that it owed duties and
9    obligations to plaintiff under the Policy as required by the terms and provisions of the Policy and
10   as required by applicable law.  Except as expressly admitted or denied, LINA states that it lacks
11   sufficient knowledge or information about the matters alleged in paragraph 37 for an answer to be
12   made and, upon that ground, denies each and every remaining allegation set forth in paragraph 37
13   of the Complaint.

14   38.    Answering paragraph 38 of the Complaint, LINA denies each and every allegation
15   set forth in paragraph 38.

16   39.    Answering paragraph 39 of the Complaint, LINA denies each and every allegation
17   set forth in paragraph 39.

18   40.    Answering the prayer for judgment alleged in the Complaint as to the First Cause of
19   Action for Breach of the Duty of Good Faith and Fair Dealing, LINA denies that plaintiff is
20   entitled to the relief requested therein.  LINA specifically responds to the prayer for judgment as to
21   the First Cause of Action as follows:

22   1.    Answering paragraph 1, LINA denies that plaintiff is entitled to the relief
23   requested therein.

24   2.    Answering paragraph 2, LINA denies that plaintiff is entitled to the relief
25   requested therein.

26   3.    Answering paragraph 3, LINA denies that plaintiff is entitled to the relief
27   requested therein.

28

10
**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S
ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03656 MMC
368438.1

1    4.    Answering paragraph 4, LINA denies that plaintiff is entitled to the relief

2    requested therein.

3    5.    Answering paragraph 5, LINA denies that plaintiff is entitled to the relief

4    requested therein.

5    6.    Answering paragraph 6, LINA denies that plaintiff is entitled to the relief

6    requested therein.

7    41.    Answering the prayer for judgment alleged in the Complaint as to the Second Cause

8    of Action for Breach of Contract, LINA denies that plaintiff is entitled to the relief requested

9    therein.  LINA specifically responds to the prayer for judgment as to the Second Cause of

10    Action as follows:

11    1.    Answering paragraph 1, LINA denies that plaintiff is entitled to the relief

12    requested therein.

13    2.    Answering paragraph 2, LINA denies that plaintiff is entitled to the relief

14    requested therein.

15    3.    Answering paragraph 3, LINA denies that plaintiff is entitled to the relief

16    requested therein.

17    **AFFIRMATIVE DEFENSES**

18    42.    As a first affirmative defense, LINA alleges that neither the Complaint, nor any

19    claim for relief therein, state facts sufficient to state a claim against LINA.

20    43.    As a second affirmative defense, LINA alleges that the relief that plaintiff seeks in

21    this action is limited, governed and/or preempted by the provisions of ERISA.

22    44.    As a third affirmative defense, LINA alleges that plaintiff must amend the

23    Complaint so as to omit the common law claims for relief and to state claims under ERISA

24    because she seeks benefits under a group long term disability policy governed by ERISA.

25    45.    As a fourth affirmative defense, LINA alleges that plaintiff has failed to satisfy all

26    conditions precedent, subsequent, and/or concurrent to the receipt of disability benefits, after on or

27

28

11

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

1  about October 27, 2006, under the subject group policy issued by LINA, Policy No. FLK-8249,
2  and/or the subject ERISA plan.

3         46.    As a fifth affirmative defense, LINA alleges that plaintiff was not and/or is not
4  eligible for disability benefits under the subject group policy issued by LINA (Policy No. FLK-
5  8249) and/or the subject ERISA plan because she has failed to demonstrate that she meets the
6  requisite definition of disability after on or about October 27, 2006.

7         47.    As a sixth affirmative defense, LINA alleges that plaintiff has failed to comply with
8  the terms of the subject group policy issued by LINA, Policy No. FLK-8249, and/or the subject
9  ERISA plan, and that, accordingly, plaintiff's claim for disability benefits after on or about
10 October 27, 2006 is barred.

11        48.    As a seventh affirmative defense, LINA alleges that plaintiff is not entitled to
12 disability benefits, after on or about October 27, 2006, under the terms of either the subject group
13 policy issued by LINA (Policy No. FLK-8249) and/or the subject ERISA plan.

14        49.    As an eighth affirmative defense, LINA alleges that, if the Court should determine
15 that plaintiff was and/or is disabled pursuant to the terms of the subject group policy (LINA Policy
16 No. FLK-8249) after on or about October 27, 2006, which LINA disputes and denies, LINA is
17 entitled to offsets for other income received by plaintiff, including but not limited to Social
18 Security disability, state paid disability, worker's compensation, and other group disability
19 benefits.

20        50.    As a ninth affirmative defense, LINA alleges that, by plaintiff's conduct or that of
21 her agents, plaintiff has waived, or is estopped to assert, every claim for relief against LINA set
22 forth in the Complaint.

23        51.    As a tenth affirmative defense, LINA alleges that all benefits due and owing to
24 plaintiff under the Policy have been paid to plaintiff.

25        52.    As an eleventh affirmative defense, LINA alleges that each and every act or
26 statement done or made by LINA, or by LINA's agents or employees, with reference to plaintiff or
27 the Policy, was privileged as a good faith assertion of LINA's legal and contractual rights.

28

---

12

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

53. As a twelfth affirmative defense, LINA alleges that plaintiff, by virtue of the legal doctrine of waiver and laches, is estopped from pursuing some or all of the claims for relief alleged against LINA.

54. As a thirteenth affirmative defense, LINA alleges that the Complaint, and each purported claim for relief set forth therein, is barred by the applicable statutes of limitations.

55. As a fourteenth affirmative defense, LINA alleges that it acted in good faith toward plaintiff in the handling of her claim and in every other aspect of its dealings with plaintiff.

56. As a fifteenth affirmative defense, LINA alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in the Complaint were proximately caused or contributed to by plaintiff's own comparative bad faith, negligence, or other fault.

57. As a sixteenth affirmative defense, LINA denies that plaintiff has sustained any injury or damage by an act or omission by LINA and/or its employees and/or agents. However, if it is established that plaintiff suffered an injury or damage for which LINA is held liable, LINA alleges that such injury or damage was proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or her agents or attorneys, and that those negligent or wrongful acts by plaintiff, or her agents or attorneys, eliminates or reduces any damages plaintiff can recover from LINA in this action.

58. As a seventeenth affirmative defense, LINA alleges that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the Complaint, were proximately caused in whole or in part by the negligence or fault of persons or entities other than LINA, and for whom LINA is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages that plaintiff may recover from LINA in this action.

59. As an eighteenth affirmative defense, LINA alleges, on information and belief, that plaintiff has failed to exercise reasonable care and diligence to mitigate her damages, if she has any. As a consequence, plaintiff's claims should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate her damages.

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03656 MMC
368438.1

1    60.    As a nineteenth affirmative defense, LINA alleges that plaintiff has failed to allege,

2    and has no facts to prove, under the clear and convincing evidence standard, the oppression, fraud,

3    or malice required for an award of punitive damages pursuant to California Civil Code Section

4    3294.

5    61.    As a twentieth affirmative defense, LINA alleges that plaintiff's remedy for any

6    alleged breach of contract is limited by California Civil Code Sections 3300 and 3302.

7    62.    As a twenty-first affirmative defense, LINA alleges that plaintiff's damage claims

8    are limited by the provisions of California Insurance Code Section 10111.

9    63.    As a twenty-second affirmative defense, LINA alleges that plaintiff is not entitled

10    to punitive damages, attorney's fees, or other damages pursuant to any of the claims for relief

11    alleged in the Complaint.

12    64.    As a twenty-third affirmative defense, LINA alleges that an award of punitive

13    damages violates the due process clause of the Fifth and Fourteenth Amendments to the United

14    States Constitution and the corresponding provisions of the Constitution of the State of California.

15    65.    As a twenty-fourth affirmative defense, LINA alleges that any award of punitive

16    damages violates the equal protection clause of the Fourteenth Amendment to the United States

17    Constitution and the corresponding provisions of the Constitution of the State of California.

18    66.    As a twenty-fifth affirmative defense, LINA alleges that the common law of

19    Arizona applies to plaintiff's claims for relief alleged in the Complaint.

20    67.    LINA reserves the right to assert additional defenses based on information gathered

21    in the course of additional investigation and discovery.

22    WHEREFORE, LINA prays for judgment as follows:

23    1.    That plaintiff take nothing by reason of her Complaint and that judgment be

24    awarded in favor of defendant Life Insurance Company of North America;

25    2.    That defendant Life Insurance Company of North America be awarded its costs and

26    expenses incurred in this action;

27

28

---

14

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

1      3.     That defendant Life Insurance Company of North America be awarded its

2  attorney's fees incurred in this action; and

3      4.     That defendant Life Insurance Company of North America recover such other and

4  further relief as the Court may deem just and proper.

6  Date: August 28, 2008             WILSON, ELSER, MOSKOWITZ,
                              EDELMAN & DICKER LLP

8                  By:   */s/ Sean P. Nalty*
                        SEAN P. NALTY

9                        CHARAN M .HIGBEE
                        Attorneys for Defendant

10                       LIFE INSURANCE COMPANY
                       OF NORTH AMERICA

---

15

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S
ANSWER TO PLAINTIFF'S COMPLAINT**

**CERTIFICATE OF SERVICE**
*Linda Gifford v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV08-03656 MMC*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S
ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Frank N. Darras, Esq.
SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
Tel:   (909) 390-3770
Fax:   (909) 974-2121

*Attorneys for Plaintiff LINDA GIFFORD*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **August 28, 2008** at San Francisco, California.

_____
Nancy Li